IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of the Fort Hall Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. United States of America, *et al.*, | ) ) ) | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 04-1126 (JR) |
| Confederated Tribes of the Colville Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2492 (JR) |

|  |  |  |
|---|---|---|
| Winnebago Tribe of Nebraska v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2495 (JR) |
| Prairie Band of Potawatomi Nation v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2496 (JR) |
| Te-Moak Tribe of Western Shoshone Indians v. Indians Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 05-2500 (JR) |
| Cheyenne River Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of Indians v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and Nebraska v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of the Goshute Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 06-1902 (JR) |
| Muskogee (Creek) Nation of Oklahoma v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of Oklahoma v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2162 (JR) |
| Northwestern Band of Shoshone Indians v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2163 (JR) |
| Red Cliff Band of Lake Superior Indians v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2164 (JR) |
| Pechanga Band of Luiseño Mission Indians v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 06-2206 (JR) |
| Colorado River Indian Tribes v. | ) | Civil Action No. 06-2212 (JR) |

| | | |
|---|---|---|
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Tohono O'odham Nation v. | ) | Civil Action No. 06-2236 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Nez Perce Tribe, *et al.*, v. | ) | Civil Action No. 06-2239 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Passamaquoddy Tribe of Maine v. | ) | Civil Action No. 06-2240 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Salt River Pima-Maricopa | ) | |
| Indian Community v. | ) | Civil Action No. 06-2241 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Coeur D'Alene Tribe v. | ) | Civil Action No. 06-2242 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Ak-Chin Indian Community v. | ) | Civil Action No. 06-2245 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Sokaogon Chippewa Community v. | ) | Civil Action No. 06-2247 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Gila River Indian Community v. | ) | Civil Action No. 06-2249 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Northern Cheyenne Tribe of Indians v. | ) | Civil Action No. 06-2250 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Haudenosaunee and Onondaga Nation v. | ) | Civil Action No. 06-2254 (JR) |
| Kempthorne, *et al.*, | ) | |
| _____ | ) | |

**DEFENDANTS' MOTION FOR TWO-WEEK ENLARGEMENT OF TIME
WITHIN WHICH TO FILE MOTION TO DISMISS ON JURISDICTIONAL ISSUES,
AND MOTION FOR LEAVE TO EXCEED PAGE LIMITATION FOR MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, AND
[PROPOSED] ORDER**

Pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 6 and Local Civil Rule (LCvR)

7, Defendants respectfully move for (1) an enlargement of time, to and including June 19, 2008,

within which to file their motion "to dismiss some or all of the claims" in <u>Nez Perce Tribe, et al. v. Kempthorne, et al.</u> (<u>Nez Perce</u>), No. 06-2239-JR (D.D.C.), and, if Defendants accept the invitation set forth by the Court in its order dated May 6, 2008, in all of the other Tribal trust cases that present the same or similar jurisdictional issues that will be briefed, in whole or in part, in <u>Nez Perce</u>; and (2) leave to exceed the page limitation provided by LCvR 7(e) for the memorandum of points and authorities in support of the motion to dismiss, by 30 pages. Defendants' motion to dismiss is presently due June 5, 2008. Under LCvR 7(e), the page limitation for the memorandum is 45 pages. These motions are Defendants' first such motions.

The grounds for these motions are as follows:

1. On May 6, 2008, after a joint status conference in <u>Nez Perce</u>, this Court issued an order instructing Defendants "to move to dismiss some or all of the claims" in the case by June 5, 2008, and inviting Defendants to file their motion to dismiss "in all the tribal cases that present the same or similar jurisdictional issues that will be briefed in <u>Nez Perce</u>." <u>See</u> Order dated May 6, 2008, Docket (Dkt.) No. 47.

2. Defendants presently are planning to file a motion to dismiss not only in <u>Nez Perce</u> but also, at a minimum, in other cases in which the plaintiff-Tribes have elected or announced that they intend to pursue active litigation, such as <u>Ak-Chin Indian Community v. Kempthorne</u>, No. 06cv02245-JR; <u>Passamaquoddy Tribe of Maine v. Kempthorne</u>, No. 06-2240-JR; <u>Salt River-Pima Maricopa Indian Community v. Kempthorne</u>, No. 06-2241-JR; <u>Tohono O'odham Nation v. Kempthorne</u>, No. 06-2236-JR; <u>Colorado River Indian Tribes v. Kempthorne</u>, No. 06-2212-JR; <u>Pechanga Band of Luiseño Mission Indians v. Kempthorne</u>, No. 06-2206-JR; and <u>Yankton Sioux Tribe v. Kempthorne</u>, No. 03-1603-JR. Defendants are requesting the additional time, because they

expect that the planned motion to dismiss will present detailed arguments regarding complex issues and matters of law relating to the jurisdictional bases of plaintiff-Tribes' trust accounting and trust mismanagement claims. Defendants need the requested time to finish preparing the motion papers, submit them for review at the United States Departments of the Interior (Interior), the Treasury (Treasury), and Justice (DOJ) (including review by high-level officials of Interior, Treasury, and several DOJ offices), allow sufficient time for that review and for any requisite discussions and/or conferences regarding the draft papers, collect and incorporate or otherwise address comments on the draft papers, and finalize and file the motion papers. Various agency officials and employees have been and continue to be on work-related travel and occupied with other unrelated but equally important matters. Also, undersigned counsel have been and continue to be working on other matters relating to the 100 Tribal trust accounting and trust mismanagement cases pending in this Court, the United States District Courts for Oklahoma, and the United States Court of Federal Claims (including the 34 or so that are in active litigation in the various courts).

      3.     Defendants also request leave of the Court to exceed the page limitation by 30 pages, to and including 75 pages, for the memorandum of points and authorities in support of their motion to dismiss, because, as explained above, the planned motion will address, in substantive detail, the jurisdictional grounds for the plaintiff-Tribes' trust accounting and trust mismanagement claims. Defendants need sufficient space in the opening memorandum to delineate the legal arguments underlying their motion, in as comprehensive and detailed a manner as possible, for the Court. At the same time, however, Defendants are mindful of the Court's general views regarding lengthy written submissions by the parties. Accordingly, if the Court grants Defendants' request, Defendants will make every effort to minimize the number of pages by which they will exceed the

45-page limit imposed by the local court rules, while ensuring that their treatment and explanation of their arguments are as clear, detailed, and cogent as possible.

    4.        Defendants' counsel contacted counsel for the plaintiff by telephone and e-mail about these motions on May 27, 2008. Counsel for the plaintiff stated that he opposes these motions.

    5.        The granting of these motions will not cause any undue prejudice or harm to the rights and interests of the parties herein. Rather, the granting of these motions will promote judicial efficiency and economy and serve the public interest by enabling Defendants to submit well-researched, thoroughly analyzed and reviewed motion papers to the Court and plaintiff-Tribes regarding the jurisdictional bases of the trust accounting and trust mismanagement claims, so as to enable well-considered responses and ruling by this Court. This effect is especially magnified to the extent that the Tribal trust cases share certain common jurisdictional grounds. On the other hand, the denial of these motions will cause adverse impacts on Defendants' ability to prepare; submit for high-level agency consideration, comment, and approval; incorporate and address comments; and file with the Court fully comprehensive and adequate motion papers.

    WHEREFORE, Defendants respectfully request that their motions be GRANTED.

    Respectfully submitted this 29th day of May, 2008,

        RONALD J. TENPAS
        Assistant Attorney General

        */s/ Jason Bruno*
        JASON BRUNO
        ANTHONY P. HOANG
        United States Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        P.O. Box 663
        Washington, D.C. 20044-0663
        Tel: (202) 305-0434

        Tel: (202) 305-0241

        Attorneys for Defendants

        OF COUNSEL:

        ELISABETH BRANDON
        GLADYS COJOCARI
        SHANI WALKER
        Office of the Solicitor
        United States Department of the Interior
        Washington, D.C.  20240

        TERESA DAWSON
        Office of the Chief Counsel
        Financial Management Service
        United States Department of the Treasury
        Washington, D.C.  20227

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing DEFENDANTS' MOTION FOR TWO-WEEK ENLARGEMENT OF TIME WITHIN WHICH TO FILE MOTION TO DISMISS ON JURISDICTIONAL ISSUES, AND MOTION FOR LEAVE TO EXCEED PAGE LIMITATION FOR MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, AND [PROPOSED] ORDER was served on May 29, 2008, by Electronic Case Filing or by regular United States Mail, first-class postage pre-paid, and electronic mail transmission or telefax, unless otherwise noted below, on the following counsel:

BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA  90067-4107
Tel:  (310) 552-3800
Fax: (310) 552-9434

WALTER J. LACK
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA  90067-4107
Tel:  (310) 552-3800
Fax: (310) 552-9434

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD  21797-8440
Tel:  (410) 489-4553
Fax: (301) 854-5117

THOMAS V. GIRARDI
Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
Tel:  (213) 977-0211
Fax: (213) 481-1554
KEITH D. GRIFFIN

Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
Tel: (213) 977-0211
Fax: (213) 481-1554

                                             */s/ Jason Bruno*
                                             *JASON BRUNO*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of the Fort Hall Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. United States of America, *et al.*, | ) ) ) | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 04-1126 (JR) |
| Confederated Tribes of the Colville Reservation v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2492 (JR) |

| | | |
|---|---|---|
| Winnebago Tribe of Nebraska v.<br>Kempthorne, *et al.*, | ) )<br>)<br>) | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 05-2495 (JR) |
| Prairie Band of Potawatomi Nation v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 05-2496 (JR) |
| Te-Moak Tribe of<br>Western Shoshone Indians v.<br>Indians Kempthorne, *et al.*, | )<br>)<br>)<br>) | Civil Action No. 05-2500 (JR) |
| Cheyenne River Sioux Tribe v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of Indians v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and Nebraska v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of<br>the Goshute Reservation v.<br>Kempthorne, *et al.*, | )<br>)<br>)<br>) | Civil Action No. 06-1902 (JR) |
| Muskogee (Creek) Nation of Oklahoma v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of Oklahoma v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 06-2162 (JR) |
| Northwestern Band of Shoshone Indians v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 06-2163 (JR) |
| Red Cliff Band of Lake Superior Indians v.<br>Kempthorne, *et al.*, | )<br>)<br>) | Civil Action No. 06-2164 (JR) |
| Pechanga Band of<br>Luiseño Mission Indians v.<br>Kempthorne, *et al.,* | )<br>)<br>)<br>) | Civil Action No. 06-2206 (JR) |
| Colorado River Indian Tribes v. | ) | Civil Action No. 06-2212 (JR) |

| | | |
|---|---|---|
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Tohono O'odham Nation v. | ) | Civil Action No. 06-2236 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Nez Perce Tribe, *et al.*, v. | ) | Civil Action No. 06-2239 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Passamaquoddy Tribe of Maine v. | ) | Civil Action No. 06-2240 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Salt River Pima-Maricopa Indian Community v. | ) | Civil Action No. 06-2241 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Coeur D'Alene Tribe v. | ) | Civil Action No. 06-2242 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Ak-Chin Indian Community v. | ) | Civil Action No. 06-2245 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Sokaogon Chippewa Community v. | ) | Civil Action No. 06-2247 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Gila River Indian Community v. | ) | Civil Action No. 06-2249 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Northern Cheyenne Tribe of Indians v. | ) | Civil Action No. 06-2250 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Haudenosaunee and Onondaga Nation v. | ) | Civil Action No. 06-2254 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |

## [PROPOSED] ORDER

This matter is before the Court on (1) Defendants' motion for a two-week enlargement of time, to and including June 19, 2008, within which to file their motion to dismiss some or all of the claims in <u>Nez Perce Tribe v, Kempthorne</u> (<u>Nez Perce</u>), No. 06-2239-JR (D.D.C.), and, if Defendants accepts the invitation set forth by the Court in its order dated May 6, 2008, in all of the other Tribal

- 4 -

trust cases that present the same or similar jurisdictional issues that will be briefed, in whole or in part, in <u>Nez Perce</u>, and (2) Defendants' motion for leave to exceed the page limitation for the memorandum of points and authorities in support of Defendants' motion to dismiss.  Upon consideration of the motions and Plaintiffs' responses thereto and for good cause shown, it is hereby ORDERED that

    1.    Defendants' motions should be and hereby are granted.

    2.    Defendants shall file their motion to dismiss in <u>Nez Perce</u> and, if Defendants accept the Court's invitation, in the other Tribal trust cases that present the same or similar jurisdictional issues that will be briefed, in whole or in part, in <u>Nez Perce</u>, on or before June 19, 2008.

    3.    Defendants may exceed the page limitation imposed by the local court rules and have up to 75 pages for their memorandum of points and authorities in support of their motion to dismiss.

    SO ORDERED.

Date: _____        _____
                                                                 JAMES ROBERTSON
                                                                 United States District Judge